IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODGER ROBINSON,           )
                           )   2:07-cv-1072-GEB-KJM
            Plaintiff,     )
                           )
     v.                    )   ORDER*
                           )
FRANCISCO PADILLA,         )
                           )
            Defendant.     )
_____)

        Plaintiff moves for $7,350 in attorney' fees and $1,470 in costs.  Default judgment was entered against Defendant on Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and California Civil Code sections 51 and 54.1; Plaintiff was awarded $4,000 in compensatory damages under California law and an injunction under the ADA requiring Defendant to make modifications to his property.  (Default J. at 2:3-10.)

        The prevailing party in an ADA action may recover "reasonable attorney's fees, including litigation expenses, and costs."  42 U.S.C. § 12205.  To determine whether a request for

---

    *    This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

attorney's fees is reasonable, courts in this circuit use the lodestar method and multiply "a reasonable hourly rate by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998). Plaintiff requests an hourly rate of $250, declaring this rate is reasonable in light of his attorney's twenty-nine years of litigation experience and eight years focused exclusively on ADA litigation. (Mot. at 3-4.) This request is granted since this is a reasonable rate. See, e.g., Garcia v. Tariq, 2007 WL 2492614, at *2 (E.D. Cal. Aug. 30, 2007) (finding rate of $250 per hour reasonable in ADA default judgment case litigated by Plaintiff's attorney); Wilson v. Haria and Gogri Corp., 2007 WL 1795737, at *4 (E.D. Cal. June 20, 2007) ("Prevailing rates for ADA litigation in Sacramento are $250 per hour for an experienced attorney . . . .").

Plaintiff requests fees for 26.4 hours spent litigating this action. (Mot. at 2.) However, Plaintiff's counsel spent 0.9 hours "serving the Defendant." (Mot. at 2.) Plaintiff's counsel's time sheet reveals he sent a "letter to process server with instructions on service," "file[d] and serve[d] a Request to Enter [Defendant's] Default," and "serve[d]" the certain papers on Defendant. (See Decl. Thomas N. Stewart, III in Supp. of Pl.'s Mot. for Atty's Fees & Costs.) "[S]erving documents [is a] secretarial task" that cannot be billed at the same rate as other attorney work. Martinez v. Longs Drug Stores, Inc., 2005 WL 3287233, at *7 (E.D. Cal. Nov. 28, 2005) (internal citation omitted). "Because [Plaintiff] failed to establish a reasonable rate for this time, the court denies his request for fees for the [0.9] hours of time [Plaintiff's attorney] spent filing and serving various documents." Id. Therefore, Plaintiff's recoverable

1  hours are reduced from 26.4 hours to 25.5 hours, and Plaintiff is
2  entitled to $6,375 ($250 per hour multiplied by 25.5 hours) in
3  attorneys fees for litigating this action.
4          Plaintiff further requests fees for three hours spent
5  preparing the motion for attorney fees.  (Mot. at 5.)  "Time spent
6  preparing a motion for attorneys' fees is generally compensable."
7  Cohen v. Williams, 2007 WL 174329, at *4 (E.D. Cal. Jan. 22, 2007).
8  Since Plaintiff's three hours spent preparing the motion is
9  reasonable, this request is granted.
10         Plaintiff also requests $1,470 in costs, which comprises a
11 $350 filing fee, $45 for service of process, and $1,075 paid to an
12 expert for a site survey and declaration.  (Mot. at 4.)  This request
13 is granted.
14         Accordingly, Plaintiff is awarded $8,595 in attorney's fees
15 and costs.
16         IT IS SO ORDERED.
17 Dated:  April 7, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge